IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEDRICK LASHON WELLS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 2:18-CV-443-WKW ) [WO] |
| MONTGOMERY COUNTY JAIL, *et al.*, | ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff, who currently resides at the Taylor Hardin Secure Medical Facility, challenges the provision of medical care provided to him at the facility. Specifically, Plaintiff appears to allege he is being force medicated and that the medications prescribed to him have resulted in breast disease and bone loss. Plaintiff further alleges the defendant physicians at Taylor Hardin know of the side effects caused by the medication they prescribed. As relief, Plaintiff requests damages and dismissal of his case with mental health. Doc. 1.

The Taylor Harden Secure Mental Facility is in Tuscaloosa, Alabama, which is within the jurisdiction of the United States District Court for the Northern District of Alabama. Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.[1]

---

[1] Plaintiff's complaint is accompanied by a request for leave to proceed *in forma pauperis*. Doc.2. A ruling on Plaintiff's request for *pauper* status should be undertaken by the United States District Court for the Northern District of Alabama.

## I.  DISCUSSION

A civil action filed by an inmate under authority of 42 U.S.C. § 1983 "may be brought . . . in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any  judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C.  § 1391(b).  The law further provides that "[f]or the convenience of parties and witnesses,  in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . ." 28 U.S.C. § 1404(a).

The  actions  about  which  Plaintiff  complains  occurred  or  are  occurring  within  the jurisdiction of the United States District Court for the Northern District of Alabama.  The factual allegations in the complaint reflect a majority of the named defendants are in the Northern District of Alabama. Although the Montgomery County Jail, the State of Alabama, Montgomery, Alabama, and Mental Health have also been docketed as defendants, these entities are not amenable to suit under § 1983 or the complaint states no allegations that associate these defendants with the alleged constitutional violations.  *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992); *Papasan v. Allain*, 478 U.S. 265 (1986); *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008). Thus, the majority of material witnesses and evidence associated with those claims relevant to Plaintiff's allegations are in the Northern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.[2]

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404. It is further

ORDERED that **on or before May 21, 2018**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 7th day of May 2018.

/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[2] In so ruling, the court does not preliminarily scrutinize the merits of Plaintiff's complaint against the named parties.